NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MARIANA THAMARA MIRANDA-SEQUEIRA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.  20-73618<br><br>Agency No. A077-885-437<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2023[**]
Pasadena, California

Before:  O'SCANNLAIN, HURWITZ, and BADE, Circuit Judges.

Mariana Thamara Miranda-Sequeira petitions for review of a final order of

removal issued by the Board of Immigration Appeals ("BIA") on November 16,

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2020. Because the facts are known to the parties, we repeat them only as necessary to explain our decision. We deny the petition for review.

I

Miranda-Sequeira argues that the IJ and BIA violated her due process rights because the IJ's oral decision made several stray references to Guatemala, rather than her country of origin, Nicaragua. To prevail on a due process challenge to deportation proceedings, Miranda-Sequeira must show (1) error and (2) substantial prejudice. *Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000). Miranda-Sequeria has failed to show the latter.

The IJ's decision made over 50 references to Nicaragua and refers to Nicaragua on every substantive point. Miranda-Sequeira does not point to any evidence in the record concerning Nicaragua that the IJ failed to consider. In sum, Miranda-Sequeira has failed to demonstrate that the IJ's few mistakes in identifying the county of origin, or the BIA's silence in reviewing the IJ's decision, affected the outcome of her case.

II

Miranda-Sequeira argues that the agency erred by finding her proposed social group was not cognizable. An applicant for withholding of removal seeking relief based on "'membership in a particular social group' must establish that the group is (1) composed of members who share a common immutable characteristic,

2

(2) defined with particularity, and (3) socially distinct within the society in question." *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). The applicant must also show her feared persecution is on account of her particular social group. *Reyes v. Lynch*, 842 F.3d 1125, 1136 (9th Cir. 2016).

Miranda-Sequeira did not establish that her proposed social group was defined with sufficient particularity or socially distinct. To satisfy the particularity requirement, the particular social group in question must have "well-defined boundaries" and be "'recognizable' as a discrete group by others in the society." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 232, 239 (BIA 2014). Miranda-Sequeira failed to present evidence to support a finding that Nicaraguan society recognizes "Nicaraguan women with tattoos returning back to Nicaragua after living in the United States" as a discrete group.

Social distinction requires evidence that the proposed social group is "perceived as a group by society." *Id.* at 240. Miranda-Sequeira has not presented evidence to support a finding that Nicaraguan society perceives "Nicaraguan women with tattoos returning back to Nicaragua after living in the United States" as a distinct social group.

III

**PETITION FOR REVIEW DENIED.**